09-1943-cr
USA v. Catanzano

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of February, two thousand and ten.

Present: PIERRE N. LEVAL,
         RICHARD C. WESLEY,
                    *Circuit Judges*,
         JOHN GLEESON,
                    *District Judge.*[*]

_____

UNITED STATES OF AMERICA,

                    *Appellee*,

         - v. -                          (09-1943-cr)

TODD CATANZANO,

                    *Defendant-Appellant*.

_____

---

[*] The Honorable John Gleeson, United States District Court for the Eastern District of New York, sitting by designation.

For Appellant:                    FREDERICK H. COHN, Law Office of Frederick H. Cohn, New York, New York.

For Appellee:                     MICHAEL D. MAIMIN, Assistant United States Attorney (Katherine Polk Failla, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Berman, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the April 2, 2009 judgment of the United States District Court for the Southern District of New York is **AFFIRMED.**

Defendant appeals from a judgment of conviction arising out of his guilty plea to one count of unlawfully conspiring to distribute and possess with intent to distribute more than fifty grams of methamphetamine, in violation of 21 U.S.C. § 846.  Following his plea, defendant was sentenced to five months' imprisonment and five years' supervised release, with five months of his term of supervised release to be served in a community confinement center.

Defendant's sole argument in this appeal is that the district court "f[a]iled to exercise the discretion required

2

of it" by "refusing to consider a sentence that does not include imprisonment." In essence, defendant urges us to attribute procedural error to the sentence imposed by the district court. *See United States v. Johnson*, 567 F.3d 40, 51-52 (2d Cir. 2009).

We decline the invitation. The district court's Guidelines calculation is undisputed, and there is no question that the court considered the Guidelines on an advisory basis only. We must also "presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged her duty to consider the statutory factors" set forth in 28 U.S.C. § 3553(a). *United States v. Fernandez*, 443 F.3d 19, 30 (2d Cir. 2006). Finally, defendant's argument proceeds on the basis of a factual premise — *i.e.*, that the district court "refus[ed] to consider" a non-incarceratory sentence — that is expressly belied by the record. The sentencing judge stated that he arrived at the sentence based on consideration of "the combination of 18 U.S.C. Section 3553(a) factors . . . including the nature and circumstances of the offense," and that "the reason . . . that there should not be a non-incarcerative sentence has to do with the objectives of the

statute."

In light of the *Fernandez* presumption, and based on the transcript of the sentencing, we are satisfied that the district court was sufficiently aware of the parameters of its sentencing authority.  Put differently, there is a difference between a district court's failure to acknowledge the scope of its sentencing discretion, and a decision to exercise that discretion in manner that is at odds with the arguments presented by a criminal defendant.  Our review of the record indicates that this case falls squarely into the latter category.  Accordingly, the April 2, 2009 judgment of the district court is **AFFIRMED**.

                                    For the Court
                                    Catherine O'Hagan Wolfe, Clerk

4